UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS DECOLA, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-869 JD |
| STARKE COUNTY COUNCIL, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Thomas DeCola's time as a member of the Starke County Council ended abruptly when his fellow councilmembers voted to expel him from his elected position. Mr. DeCola responded by challenging his expulsion in state court, alleging it was illegal, violated his constitutional rights, and was the product of a civil conspiracy against him. He litigated his state case for a year and a half without success before deciding to try his luck in federal court by filing this case and asking the Court to enjoin the state court proceedings. The Defendants in this case oppose Mr. DeCola's requested injunction and have moved the court for a dismissal based on *Colorado River* abstention considerations. For the following reasons, the Court denies both Mr. DeCola's request for an injunction and the Defendants' motion to dismiss.

I.   **Statement of Facts**

The Court construes Mr. DeCola's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Mr. DeCola was elected to the Starke County Council in November 2018 and received his certificate of election later that month. (DE 1 ¶ 1.) He officially took office and attended his first council meeting in January 2019. (*Id.* ¶¶ 2–4.) From the time he was first elected through January 2019, Mr. DeCola alleges

Starke County Commissioner Kathy Norem, a defendant in this case, "maliciously defamed" him by repeatedly questioning his qualification for office. (*Id.* ¶ 5.) The questions about his qualifications led the majority of the councilmembers to decide during their January meeting that they wanted to expel Mr. DeCola from the Council. The members gave Mr. DeCola until the next scheduled council meeting in February to provide a response to their intent to expel him. (*Id.* ¶ 6.) When the Council met next in February, Mr. DeCola gave a verbal response to the Council regarding his expulsion and the Council subsequently voted to expel him. (*Id.* ¶¶ 7–8.)

Mr. DeCola challenged his expulsion by filing an administrative appeal of the Council's decision in the Starke Circuit Court ("*DeCola I*"). He named the Council itself as the lone defendant in the case and alleged he had been expelled without justification, without an official charge, and without due process. (*Id.* ¶¶ 8–11; DE 1-4 at 5–7.) As the state case proceeded, venue was eventually changed to the Marshall Superior Court 2 (*Tom A. DeCola v. Starke County Council*, Cause No. 50D02-2005-MI-36). (*Id.* ¶ 12.) Mr. DeCola subsequently tried to change venue again because of concerns he had about potential bias, but the state court denied his motion. He additionally amended his complaint to add allegations that his expulsion was the product of an illegal and unconstitutional civil conspiracy between the councilmembers and Ms. Norem. (DE 1-4 at 106–08, 186–89.) The Council then moved to dismiss Mr. DeCola's amended complaint. The Marshall Superior Court 2 granted the Council's motion in part in September 2020. It found that Mr. DeCola had received adequate due process but declined to dismiss the case outright because the court could not conclude that Mr. DeCola had been properly expelled under Indiana law. (DE 1 ¶ 14; DE 1-3 at 5.)

Soon after receiving the state court's order, Mr. DeCola filed this lawsuit. The lawsuit largely mirrored *DeCola I* but packaged the constitutional claims related to deprivation of his

2

elected office and harm from the alleged civil conspiracy as civil rights violations actionable under 42 U.S.C. § 1983. (DE 1 at 5–6, 10.) Mr. DeCola also named more defendants in the new suit, adding the councilmembers who voted to expel him as well as Ms. Norem. He additionally accompanied his complaint with a motion for preliminary injunction under 28 U.S.C. § 2283 asking the Court to enjoin the prior state order that denied his request to change venue and the prior state order that found he had been afforded adequate due process, because he alleged they infringed on his constitutional rights. (DE 10-1 at 2–3.)

The Defendants responded by opposing Mr. DeCola's motion for preliminary injunction and asking for a full dismissal of the federal case pursuant to Federal Rule of Civil Procedure 12(b)(6) and the *Colorado River* abstention doctrine. As the parties were briefing their motions, the Marshall Superior Court 2 dismissed *DeCola I* with prejudice. Mr. DeCola has since appealed that dismissal and the appeal is currently pending before the Indiana Court of Appeals (Case No. 21A-MI-00120), which means there is not yet a final judgment in *DeCola I*.

**II.     Standard of Review**

"'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984)). A party seeking a preliminary injunction bears the burden of demonstrating that (1) absent a preliminary injunction, it will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) its claim has a reasonable likelihood of success on the merits. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661–62 (7th Cir. 2015). A failure to satisfy any of those elements requires that the motion be denied. *Girl Scouts*, 549 F.3d at 1086. If those elements are met, the Court weighs the

irreparable harm that the moving party would endure without a preliminary injunction against any irreparable harm that the nonmoving party would suffer if the Court were to grant the requested relief using a sliding scale based on the parties' likelihood of success on the merits. *Id.* The Court also considers the public interest, including the effects of the relief on non-parties. *Id.*

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Documents that are attached to the complaint that the plaintiff references in the complaint and relies on when outlining his claims "become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

**III.     Discussion**

The Court is presented with both Mr. DeCola's motion for preliminary injunction and the Defendants' motion to dismiss. The Court first addresses Mr. DeCola's motion for preliminary injunction, which asks for relief the Court cannot provide. The Court then moves to the Defendants' motion to dismiss, which correctly raises *Colorado River* abstention considerations but asks for a result that this Court, relying on Seventh Circuit precedent, does not find appropriate.

### A. Preliminary Injunction

Mr. DeCola's motion for preliminary injunction asks this Court, pursuant to 28 U.S.C. § 2283, to "enjoin the Marshall Superior Court 2's order and judgment . . . by reviewing their unconstitutional decisions and abuse of procedure." (DE 10 at 1.) The specific decisions Mr. DeCola references in his motion are the decisions from the state court that denied his request for a change of venue and found that the Council afforded him adequate due process before expelling him. (DE 10-1 at 3–4.) Mr. DeCola alleged that the state court decisions put him "under great, immediate, and irreparable loss of his constitutional rights," which is actionable under § 1983. (*Id.* at 1.)

Because Mr. DeCola's motion asks this Court to stay the decisions of a state court under § 2283, known as the Anti-Injunction Act, the Court considers the Act's requirements. (DE 10-1 at 1.) The Anti-Injunction Act forbids a district court from enjoining pending state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The purpose of the Act is to prevent friction and unnecessary interference between the federal and state courts. *Zurich American Ins. Co. v. Sup. Ct. of State of California*, 326 F.3d 816, 824 (7th Cir. 2003) (citing *Atlantic C.L.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970)). Mr.

5

DeCola ties his motion to § 1983, a recognized exception to the Act, *Mitchum v. Foster*, 407 U.S. 225, 243 (1972), so his motion is not barred outright. But it is also not automatically allowed. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) ("The fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue.") (emphasis in original). The Court must apply any exception to the Act narrowly and resolve any doubts about the propriety of a federal injunction against state proceedings "in favor of permitting the state courts to proceed in an orderly fashion to determine the controversy." *Atlantic Coast Line*, 398 U.S. at 297. The Court must also carefully consider the "principles of equity, comity, and federalism" that "restrain a federal court when asked to enjoin a state court proceeding" and ensure the injunction request meets the traditional preliminary injunction requirements. *Mitchum*, 407 U.S. at 243; *Zurich*, 326 F.3d at 825.

     Mr. DeCola's motion is not proper in light of these necessary considerations. In requesting that this Court enjoin the state court's two orders "by reviewing their unconstitutional decisions and abuse of procedure" (DE 10 at 1), Mr. DeCola in effect asks the Court to act as an appellate forum for state court decisions with which he disagrees. It is well established that the Anti-Injunction Act does not give this Court the power to act as an appellate forum for state court decisions and that the Court must refrain from acting in this manner. *Atlantic Coast Line*, 398 U.S. at 286 (holding the lower federal courts "were not given any power to review directly cases from state courts"). The appropriate forum for an appeal if Mr. DeCola disagrees with the orders is instead a court within the state system. *Id.* ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief in error, if any, through the state appellate courts."). Thus, the Court finds that it cannot grant Mr. DeCola's motion because doing so would greatly interfere with the state court system and violate

the principles of equity, comity, and federalism the Anti-Injunction Act exists to protect. *See Mitchum*, 407 U.S. at 243.

### B. Colorado River *Abstention*

The Court next turns to analyze the applicability of the *Colorado River* abstention doctrine given the similar state and federal proceedings currently pending. The *Colorado River* abstention doctrine allows a federal court to stay or dismiss a lawsuit "in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). Application of the doctrine is saved for "exceptional circumstances" because federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River*, 424 U.S. at 817–18. The role of the federal court presented with the possibility of abstention is thus not to find a reason to exercise its jurisdiction but instead to determine whether there is an exceptional circumstance that justifies it giving up that jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983). In short, applying *Colorado River* abstention is the clear exception and should not be undertaken simply because there is a parallel proceeding pending in state court. *Clark*, 376 F.3d at 685 (citing *Sverdrup Corp. v. Edwardsville Comty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997); *LaDuke v. Burlington N. R.R. Co.*, 879 F.3d 1556, 1558 (7th Cir. 1989)).

A court considering whether to apply *Colorado River* abstention conducts a two-part analysis. *Clark*, 376 F.3d at 685. First, the court considers whether the concurrent state and federal actions are actually parallel. *Id.* (citing *LaDuke*, 879 F.3d at 1559). If the court

determines the suits are parallel, it then moves to consider several nonexclusive factors that dictate whether exceptional circumstances exist to warrant abstention. *Id.* The factors are:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*See id.* (citing *LaDuke*, 879 F.3d at 1559; *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694-95 (7th Cir. 1985)). If a court finds there are exceptional circumstances, it can then choose to abstain. The Supreme Court, in *Colorado River*, affirmed an abstention that resulted in a dismissal. 424 U.S. 800. However, it left open the question of whether a stay or dismissal was more appropriate in such circumstances. *Lumen*, 780 F.2d at 697–98. The Seventh Circuit has consistently held that the proper procedure is to stay because it wants to prevent the risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding doesn't result in a final decision on the merits. *Id.* at 698.

The Court starts with the first prong of the abstention analysis, determining whether the pending state and federal actions are parallel. The two suits do not need to be identical to be considered parallel but instead are considered parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark*, F.3d 682 F.3d at 686 (citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288) (internal quotations omitted). It is further not necessary for there to be a "formal symmetry between the two actions," *Lumen*, 780 F.2d at 695, but there "should be a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case,'" *Clark*, 376 F.3d at 686 (citing *id.*).

8

After reviewing the complaint in this case (DE 1) and the amended complaint Mr. DeCola filed in his state action (DE 1-4 at 106–08), which he attached and referenced in the instant complaint, *Williamson*, 714 F.3d at 436, it is clear the suits are parallel because they involve substantially the same parties and substantially the same claims. Both proceedings center on Mr. DeCola's contention that the Starke County Council illegally expelled him under Indiana law without required due process and as part of a civil conspiracy. (DE 1 at 3; DE 1-4 at 106–08.) While the cases do have some differences, namely that Mr. DeCola added six new defendants and packaged his claims alleging deprivation of his constitutional rights under 42 U.S.C. § 1983 in his federal lawsuit, those differences do not preclude abstention because they are both largely superficial changes to a lawsuit that is still asking the Court to resolve the same central questions. (DE 1; DE 1-4 at 106–08.)

The addition of the new defendants in the federal complaint does not make the two cases non-parallel because the parties all share the same interests. The additional defendants Mr. DeCola named in his federal complaint, the individual councilmembers and Commissioner Norem, all appear to have been sued in their official capacities as Starke County officials. First, Mr. DeCola never specified that they were being sued in their individual capacities, which creates a presumption they were sued in their official capacities. *See Stevens v. Umsted*, 131 F.3d 697, 706-07 (7th Cir. 1997) (holding that a § 1983 complaint "that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their official capacity"). And second, the individuals are acting as if they were sued in their official capacities by proceeding jointly using the same counsel that the Starke County Council used in *DeCola I* and not raising individual defenses like qualified immunity. *See id.* (holding "[a] court must also consider the manner in which the parties have treated the suit") (internal citations omitted).

Because the parties were sued in their official capacities as Starke County officials, they share the same interests as the Starke County Council and thus do not make this federal case materially different from *DeCola I* in terms of the parties' interests. *Clark*, 376 F.3d at 686 ("Parties with nearly identical interests are considered substantially the same for *Colorado River* purposes" and "[t]he addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings") (internal quotations omitted).

The addition of § 1983 claims into the federal proceedings (DE 1 at 3–4) also does not make the federal proceedings non-parallel. The new claims, just like Mr. DeCola's claims in *DeCola I*, still rise and fall on deciding whether Mr. DeCola was illegally expelled and had his constitutional rights violated. The claims for deprivation of constitutional rights are simply repackaged in this federal case under § 1983. *See Clark*, 376 F.3d at 686–87 ("Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repacking the same issue under different causes of action.") Because the two suits involve substantially the same parties litigating substantially the same issues, the Court finds the two proceedings parallel for purposes of *Colorado River* abstention.

The Court next moves to the second prong of the *Colorado River* abstention analysis to determine, based on the ten underlying factors, whether exceptional circumstances exist and support abstention.

### 1. Whether the state has assumed jurisdiction over property

The first factor weighs against abstention because there is no property at issue in either the state or federal proceedings. While the factor initially appears neutral, it actually weighs against abstention because of the overriding presumption that a federal court should exercise its jurisdiction. *See DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 403 F. Supp. 3d 690, 707–08 (S.D.

Ind. 2019) (citing *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 648 (7th Cir. 2011). Mr. DeCola argued the lack of property at issue doesn't just weigh against abstention but eliminates the potential for abstention altogether because "the *Colorado River* Doctrine applies only to *res* or property actions" and because the absence of property means all ten factors are not satisfied. (DE 29 at 4.) But Mr. DeCola's argument puts forward an incorrect reading of the law. The factors, including this first one, are non-exhaustive and do not come with a requirement that each be met for abstention to be appropriate. Instead, a court must carefully weigh the factors and tailor its analysis to the facts of the case at hand. *See Sverdrup*, 125 F.3d at 550 (holding the analysis does not require "a rote application of the ten factors without tailoring the facts and circumstances to the individual case"). The Court thus finds this factor does not preclude abstention but does weigh against it.

### 2. The inconvenience of the federal forum

The second factor also weighs against abstention. All the parties to this case are in close proximity to the Court as they all appear to be either residents of or based in Starke County. (DE 1.) Further, all the underlying conduct alleged in this case appears to have occurred in Starke County, which suggests that any relevant evidence or witnesses are also similarly conveniently located near the Court. *See, e.g.*, *DePuy*, 403 F. Supp. 3d at 708. Thus, the Court finds the federal forum would be convenient and that this factor weighs in favor of exercising jurisdiction.

### 3. The desirability of avoiding piecemeal litigation

While the first two factors weigh against abstention, each of the remaining factors, including the risk of piecemeal litigation, weigh in favor of abstention. Concerns about piecemeal litigation arise from "concerns about the efficient use of judicial resources and the

11

public's perception of the legitimacy of judicial authority," particularly when the two competing proceedings could result in conflicting adjudications. *Tyrer v. City of S. Beloit*, 456 F.3d 744, 756 (7th Cir. 2006). Allowing this case to move forward would not only waste the large amount of judicial resources the state court system and parties have already put into litigating the parallel state claims over the last roughly two years but also create the real risk of conflicting adjudications that could undermine the legitimacy of state judicial authority if this Court starts looking into and ruling on issues that are before the state courts. *See Clark*, 376 F.3d at 687. The Court thus finds this factor weighs in favor of abstention.

*4. Order in which jurisdiction was obtained by the concurrent forums*

The order in which jurisdiction was obtained by the concurrent forums also favors abstention. It is undisputed that Mr. DeCola filed his state case in April 2019 and did not file his federal case until roughly a year and a half later. (DE 1; DE 1-4.) The Indiana courts were clearly Mr. DeCola's first choice when deciding where to litigate his claims and he only seems to have brought this federal suit when he started feeling he might not be successful in state court. The clear discrepancy in time between when the state and federal courts gained jurisdiction over the claims thus supports abstention.

*5. The source of governing law*

This factor too favors abstention. Both *DeCola I* and the proceedings before this Court center on Mr. DeCola's claim that he was illegally expelled from the Council pursuant to Indiana law. (DE 1 at 8; DE 1-4 at 106–08.) While Mr. DeCola did allege § 1983 claims in this federal case and alleged deprivations of his constitutional rights in *DeCola I*, those claims are intertwined with his core contention that he was expelled in violation of state law and thus rest to

12

a large extent on resolution of the underlying legality of his expulsion. The Marshall Superior Court 2 and Indiana Court of Appeals have particular expertise in resolving disputes centered on the exercise of Indiana state law, *see Day v. Union Mines, Inc.*, 862 F.2d 652, 660 (7th Cir. 1988), and should be allowed to use that expertise. Thus, the Court finds this factor favors abstention.

*6. The ability of state-court action to protect Plaintiff's federal rights*

The Court additionally concludes this factor weighs in favor of abstention. Mr. DeCola argued otherwise because he believes this Court is better equipped to protect his constitutional rights and that the state courts have already taken too long and erred in addressing his concerns. (DE 1-4 at 106–08; DE 29 at 5.) The Court disagrees. First, it is widely understood that state courts are very capable of protecting a litigant's constitutional rights. *See Haywood v. Drown*, 556 U.S. 729, 735 (2009) ("state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law"). And second, the Court puts little weigh in Mr. DeCola's arguments to the contrary because the evidence shows the state courts have resolved the issues in *DeCola I* in a timely manner and after carefully weighing the evidence before them. (DE 1-4.) The fact that Mr. DeCola is concerned that some of those state decisions were averse to his case does not change the fact that the state courts are well-equipped to resolve his federal claims and have done so in a timely manner. The Court thus concludes this factor weighs in favor of abstention.

*7. The relative progress of state and federal proceedings*

The relative progress of the state and federal proceedings also clearly weighs in favor of abstention. In the roughly year and a half period before Mr. DeCola filed this federal case, the

state courts decided numerous substantive motions and oversaw discovery in *DeCola I*. (DE 1-4.) Thus, by the time this federal case was filed, there had already been significant progress in the state proceedings. Further, since that time, the lower state court has issued an order dismissing Mr. DeCola's case with prejudice and Mr. DeCola has appealed that decision to the Indiana Court of Appeals. In contrast, this Court has decided two relatively minor procedural motions to date. (DE 19; DE 33.) The discrepancy in progress between the state and federal proceedings suggests that abstention is warranted.

### 8. *The presence or absence of concurrent jurisdiction*

The presence of concurrent jurisdiction also favors abstention. For purposes of *Colorado River* abstention, concurrent jurisdiction exists when claims in a federal proceeding may be brought in state court. *Clark*, 376 F.3d at 688. Not only did Mr. DeCola bring largely the same claims in both state and federal court (DE 1; DE 1-4 at 106–08), but state courts are recognized as having concurrent jurisdiction over each of Mr. DeCola's claims, including his federal claims that allege the Council, its members, and Ms. Norem violated his constitutional rights. *See Haywood*, 556 U.S. at 735. The Court thus finds the existence of concurrent jurisdiction weighs in favor of abstention.

### 9. *The availability of removal*

Removal is not available here, which also weighs in favor of abstention. Mr. DeCola waited far longer than thirty days after filing his amended state complaint to file this federal case, meaning removal of his state case was never possible while the two parallel proceedings were pending. *See* 28 U.S.C. 1446(b) (explaining the thirty-day deadline for removal); (DE 1-4 at 106–08.) The inability to remove the case to federal court gives the pending parallel state case a

degree of separation that would not exist if it was removable. *See Day*, 862 F.3d at 659–60 (there is a "policy against hearing a federal claim which is related to ongoing non-removable state proceedings"). That separation and lack of ability to remove the state case to federal court supports abstention.

### 10. The vexatious or contrived nature of the federal claim

Finally, Mr. DeCola's federal case appears to be of a vexatious and contrived nature. Mr. DeCola did not bring this federal case until he received an adverse ruling from the Marshall Superior Court 2 that concluded, despite Mr. DeCola's arguments otherwise, that he had received due process before his expulsion. (DE 10-1 at 106–08.) He responded to that order by calling it unconstitutional and by bringing this complaint to seemingly try his luck at convincing this Court of constitutional violations the state court had just found never happened. (DE 1.) Further, he filed the accompanying motion for preliminary injunction (DE 10) with the Court that, at its base, was a request for this Court to tell the state court it was wrong and then circumvent the state court system by allowing Mr. DeCola to start over again in federal court. Those circumstances strongly suggest that Mr. DeCola undertook this federal litigation in a vexatious and contrived manner and that this factor weighs in favor of abstention.

***

Having weighed each of the ten factors in the *Colorado River* abstention analysis and having tailored its analysis to the facts of this case, the Court concludes the factors, taken together, clearly show the presence of exceptional circumstances that warrant abstention. The Court is then left with the question of whether abstention should take the form of a stay of federal proceedings until the state courts reach a final judgment on Mr. DeCola's claims or whether, as the Defendants' requested in their motion, the Court should dismiss the federal

proceedings outright. While the Court acknowledges the Defendants' arguments that this case presents a clear justification for dismissal (DE 23 at 8), the Court, in the interest of preventing any potential for a time bar to Mr. DeCola's federal claims, follows the Seventh Circuit's longstanding position that a stay is the proper procedure for *Colorado River* abstention. *Lumen*, 780 F.2d at 698. The Court also acknowledges the Defendants moved for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) but does not find an independent basis for dismissal based on that rule because the Defendants Rule 12(b)(6) arguments all appear to have been tied exclusively to *Colorado River* abstention. The Court anticipates that a stay of the federal proceedings, as ordered here, will allow the state appeal to continue to completion and then allow the parties to seek whatever outcomes they believe are necessary in this case at that time.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff Thomas DeCola's motion for preliminary injunction (DE 10) and DENIES the Defendants' motion to dismiss (DE 22). The Court further STAYS the proceedings in this case pending the outcome of the related state court proceedings pursuant to the *Colorado River* abstention doctrine.

SO ORDERED.

ENTERED: April 29, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court