UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS DE COLA,

    Plaintiff,

    v.

STARKE COUNTY COUNCIL, et al.,

    Defendants.

Case No. 3:20-CV-869 JD

## OPINION AND ORDER

The Defendants in this case have asked the Court to grant their motion for judgment on the pleadings and end Plaintiff Tom De Cola's efforts through this lawsuit to regain his seat on the Starke County Council and remedy the harm he feels he has experienced because of his expulsion from the governing body. Mr. De Cola, proceeding pro se, has opposed the Defendants' request and submitted a separate motion asking that the Court set a new trial in this matter. For the following reasons, the Court finds the Defendants are entitled to judgment on the pleadings and denies Mr. De Cola's request for a new trial.

**A.    Factual Background**

Mr. De Cola was elected to the Starke County Council in November 2018 and received his certificate of election later that month. (DE 1 ¶ 1.) He officially took office and attended his first council meeting in January 2019. (*Id.* ¶¶ 2–4.) From the time he was elected through January 2019, Mr. De Cola alleges Starke County Commissioner Kathy Norem, one of the defendants in this case, "maliciously defamed" him by repeatedly questioning his qualification for office. (*Id.* ¶ 5.) The questions about his qualifications led the majority of the councilmembers to decide during their January 2019 hearing that they wanted to expel Mr. De

Cola from the Council. The members gave Mr. De Cola until the next scheduled meeting in February to provide a response to their intent to expel him. (*Id.* ¶ 6.) When the Council met next in February, Mr. De Cola gave a verbal response regarding his expulsion and the councilmembers subsequently voted to expel him. (*Id.* ¶¶ 7–8.)

      Mr. De Cola challenged his expulsion by filing an administrative appeal of the Council's decision in the Starke Circuit Court ("*De Cola I*"). He named the Starke County Council itself as the lone defendant in the case and alleged he had been expelled without justification, without an official charge, and without due process. (*Id.* ¶¶ 8–11; DE 1-4 at 5–7.) As the state case proceeded, venue was eventually changed to the Marshall Superior Court 2 (*Tom A. DeCola v. Starke County Council*, Cause No. 50D02-2005-MI-36). (*Id.* ¶ 12.) After the change of venue, Mr. De Cola amended his complaint to add allegations that his expulsion was the product of an illegal and unconstitutional civil conspiracy between the councilmembers and Ms. Norem. (DE 1-4 at 106–08, 186–89.) The Council then moved to dismiss Mr. De Cola's amended complaint. The Marshall Superior Court granted the Council's motion in part in September 2020. It found that Mr. De Cola had received adequate due process but declined to dismiss the case outright because the court could not conclude that Mr. De Cola had been properly expelled under Indiana law. (DE 1 ¶ 14; DE 1-3 at 5.) The Council eventually moved the Marshall Superior Court to reconsider that decision.

      Soon after receiving the state court's order, Mr. De Cola filed this lawsuit. The lawsuit mirrored *De Cola I* but packaged the constitutional claims related to deprivation of his elected office and harm from the alleged civil conspiracy as civil rights violations actionable under 42 U.S.C. § 1983. (DE 1 at 5–6, 10.) Mr. De Cola also named more defendants in the new suit, adding Dave Pearman, Freddie Baker, Kay Gudeman, Robert Sims, and Howard Bailey, the

councilmembers who voted to expel him, as well as Ms. Norem. He additionally moved this Court to enjoin the state proceedings, in effect asking the Court to act as an appellate forum to consider his disagreements with the way the state court had ruled. (DE 34 at 6–7.) The Defendants responded by moving the Court for a full dismissal of this federal case. While the parties were briefing the various motions in this case, the Marshall Superior Court dismissed *De Cola I* with prejudice after revisiting the merits in response to the motion for reconsideration the Council had filed. (DE 41-1.) Mr. De Cola decided to continue briefing this case while also appealing the Marshall Superior Court's dismissal decision to the Indiana Court of Appeals.

The Court eventually denied the Defendants' motion to dismiss and instead stayed this case based on the *Colorado River* abstention doctrine to allow the state court proceedings to run their course. (DE 39.) The Indiana Court of Appeals subsequently affirmed the Marshall Superior Court's dismissal of Mr. De Cola's state claims and the Indiana Supreme Court then denied a transfer of jurisdiction. (DE 41-2 at 8–16.) With the state proceedings having reached their end, the Court lifted the prior stay in this case. (DE 39.) The Defendants proceeded to file their pending motion for judgment on the pleadings, (DE 40), and Mr. De Cola filed his motion for new trial, which also appears to serve as his response to the Defendants' motion for judgment on the pleadings, (DE 42).

**B.      Standard of Review**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *United Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to judgment on the pleadings when it appears

beyond doubt that the non-moving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoors Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the non-moving party. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows,* 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). The Court may also consider documents attached to the motion for judgment on the pleadings provided they are referred to in the plaintiffs' complaint and are central to the plaintiffs' claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

**C.     Discussion**

The Court begins by addressing the Defendants' motion for judgment on the pleadings and then moves to briefly discuss Mr. De Cola's motion for a new trial.

### 1.     *Motion for judgment on the pleadings*

The Defendants argue that judgment on the pleadings is appropriate here because the state courts have already fully resolved Mr. De Cola's claims and have therefore led to the claims being barred based on res judicata. Because state judicial proceedings have the same full faith and credit in federal courts that they do in the courts of the state from which they are taken, a federal court will look to relevant state law when determining the preclusive effects of the state courts' judgments. 28 U.S.C. § 1738; *Starzenski v. City of Elkhart*, 87 F.3d 872, 877 (7th Cir. 1996). Here, the relevant state courts and state laws are those of Indiana. Indiana courts recognize res judicata as a way to prevent "the repetitious litigation of disputes that are essentially the same." *Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App.

2005). Indiana recognizes four requirements for a claim to be precluded under the doctrine of res judicata:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* Indiana courts further recognize that "it is helpful to inquire whether identical evidence will support the issues involved in both actions" as well as that a "party is not allowed to split a cause of action, pursuing it in a piecemeal fashion and subjecting a defendant to needless multiple suits." *Id.*

Mr. De Cola never filed a response to the Defendants' motion for judgment on the pleadings. He instead appears to have included an argument in opposition to the motion in his motion for new trial filed several weeks after a response to the Defendants' motion was due. (DE 42); N.D. Ind. L.R. 7-1(d)(2)(A). While Mr. De Cola's argument against res judicata within his motion for new trial is hard to parse, he appears to argue, without further explanation, only that the final judgment on the merits requirement for res judicata has not been met because the state proceedings constituted "breaches of ex post facto prohibition laws" and were contrary to "public policy." (DE 42 at 5.) First, the Court finds that this unexplained and unsupported argument against res judicata filed several weeks after the response deadline is waived as underdeveloped, even accounting for Mr. De Cola's pro se status. *See Shipley v. Chicago Bd. Of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived."); *see also Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 n.2 (7th Cir. 2019); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). Second, even if the Court were to credit Mr. De Cola's argument, it would note that

5

he has only challenged the final judgment on the merits requirement for res judicata and, through silence, has waived opposition to any of the other three res judicata requirements. *Id.* Despite those waivers, the Court nonetheless proceeds to explain why the record supports a finding that each requirement for res judicata applies to preclude Mr. De Cola from receiving any of the relief he has sought through this lawsuit in light of the state court decisions.

The Defendants have demonstrated that each of the res judicata requirements are established here. First, the Marshall Superior Court, which rendered the original state decision, had "original and concurrent jurisdiction in all civil cases" as an Indiana state court. Ind. Code § 33-29-1-1.5(1). It therefore follows that the Marshall Superior Court was a court of competent jurisdiction that could consider and rule on the host of civil issues Mr. De Cola raised in his state complaint. (DE 41-3.)

Second, the Marshall Superior Court issued a final order on the merits. The court specifically made clear in granting the Starke County Council's motion to reconsider dismissal of Mr. De Cola's amended complaint that it had reviewed the merits of all of the relevant pleadings filed in the matter and decided to dismiss Mr. De Cola's state complaint in its entirety with prejudice. (DE 41-1.) Mr. De Cola then had the opportunity to appeal that decision to the Indiana Court of Appeals and raise any arguments in opposition to the decision that he thought relevant. (DE 41-2; DE 42 at 5.) The Indiana Court of Appeals affirmed the Marshall Superior Court's dismissal in an order of its own, and, when Mr. De Cola appealed the appellate court's decision to the Indiana Supreme Court, the Indiana Supreme Court denied transfer. (DE 41-2 at 8–16.) Based on that clear record, the Court finds that there was a final judgment on the merits in Mr. De Cola's state case. *See Towne & Terrace v. City of Indianapolis*, 170 N.E.3d 659, 661–62

(Ind. Ct. App. 2021) (recognizing that a denial of transfer from the Indiana Supreme Court represents a final decision).

Third, the claims Mr. De Cola raised in the current federal lawsuit were, or could have been, adjudicated in his state court action. As an initial matter, there is no dispute between the parties that Mr. De Cola's claims in both this case and his now-concluded state case arose from the Starke County Council's decision to expel him from his seat on the Council. (DE 1 at 3–6, 9; DE 41 at 5; DE 42 at 3; DE 41-3.) It is also clear from a review of the complaint in this case and the complaint Mr. De Cola filed in *De Cola I* that the allegations Mr. De Cola raised in the two cases are nearly identical. For example, both complaints raised allegations of wrongdoing in ejecting Mr. De Cola from his Council seat that Mr. De Cola argued violated Indiana Code Sections 36-2-3-9, 34-17-1-1(1), and 34-17-2-6(c), as well as the Fifth Amendment, Fourth Amendment, Sections 9 and 10 of Article I of the federal Constitution, and Section 24 of Article I of the Indiana Constitution. (DE 1 at 5–10; DE 41-3 at 1, 4.) While it is true that Mr. De Cola raised additional claims under 42 U.S.C. § 1983, the Ninth Amendment, and 18 U.S.C. §§ 241–242 in this federal case, those additional allegations do not preclude the application of res judicata here because there is no reason Mr. De Cola could not have asserted those claims in *De Cola I*. *See Indianapolis Downs*, 834 N.E.2d at 703 (holding that res judicata also extends to claims that "could have been determined in the prior action" and recognizing that claim splitting is not allowed).

To put a finer point on the similarity between the claims raised in this case and *De Cola I*, the Court turns to the identical evidence test, the test Indiana courts use to determine whether a claim could have been brought in a previous action. *See Indianapolis Downs*, 834 N.E.2d at 703; *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1047 (Ind. Ct. App. 2011). After reviewing the two

7

complaints, it is clear that all of the claims the complaints raised stemmed from the same factual occurrence, Mr. De Cola's expulsion from the Starke County Council, and that Mr. De Cola intended to rely on the same exhibits, namely the available documents associated with his expulsion, to support his claims in both lawsuits. (DE 1-3; DE 1-4; DE 1-5; DE 1-6; DE 41-3 at 6–17.) The Court therefore finds that the evidence that Mr. De Cola used to support his state claims would be either identical or substantially identical to the evidence he would use to support his federal claims, including the additional federal claims he did not raise in his state case, such that each of Mr. De Cola's federal claims could have and should have been brought in his state case. *See Hilliard*, 957 N.E.2d at 1047 (citing *Atkins v. Hancock Cnty. Sheriff's Merit Bd.*, 910 F.2d 403 (7th Cir. 1990)).

Finally, the Court finds that the adjudicated state court controversy was between the same parties in the present suit or their privities. While the Starke County Council was the only defendant named in both *De Cola I* and this federal case, the additional defendants in the present case were all in privity with the Starke County Council in *De Cola I*. "The term 'privity' describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action." *Small v. Centocor, Inc.*, 731 N.E.2d 22, 27–28 (Ind. Ct. App. 2000); *see also Taylor v. St. Vincent Salem Hosp., Inc.*, 180 N.E.3d 278, 286 n.4 (Ind. Ct. App. 2021) (recognizing that a privy is one "whose interests are represented by a party to the action").

The defendants in this case who were not named in *De Cola I* were Starke County Councilmembers Dave Pearman, Freddie Baker, Kay Gudeman, Robert Sims, and Howard Bailey, as well as Starke County Commissioner Kathy Norem. (DE 1; DE 41-3.) As the Court

has previously concluded, and Mr. De Cola has not subsequently challenged, Mr. De Cola sued each of the individual defendants in their official capacities for purposes of this federal case. (DE 34 at 9–10) (citing *Stevens v. Umsted*, 131 F.3d 697, 706–07 (7th Cir. 1997)) (explaining why the record indicates a lawsuit against the defendants in their official capacities). Their interests are thus the interests they have in their official capacities as Starke County officials, which align with the interests of the Starke County Council itself. It also follows that each of the defendants in this case not named as parties in the *De Cola I* lawsuit would have been bound, in their official capacities, by any judgment in *De Cola I*, because they were the Starke County officials who would have been required to ensure that the Starke County Council reinstated Mr. De Cola's councilmember position and paid any damages Mr. De Cola may have been awarded through the state case. (DE 41-3 at 4.) Based on those facts, the Court concludes that the defendants in the present case were either also parties to the *De Cola I* lawsuit or were in privity with the Defendant Starke County Council in the *De Cola I* lawsuit such that the fourth requirement for application of res judicata is met.[1]

With each of the four requirements for res judicata established here, the Court finds Mr. De Cola cannot obtain any relief on his pending claims. The Defendants are therefore entitled to their requested judgment on the pleadings. *See United Here Loc. 1*, 862 F.3d at 595.

### 2.   *Motion for new trial*

Before concluding, the Court briefly addresses Mr. De Cola's motion for a new trial. Mr. De Cola's filing is difficult to decipher and appears to once again ask this Court to act as an

---

[1] The Court notes that Mr. De Cola brought a separate case in Indiana court in February 2021 against the same defendants that raised the same claims. (Case Number 64C01-2106-CT-6018). The Porter Circuit Court dismissed the case on res judicata grounds in February 2022 for the same reasons the Court has explained here.

appellate body in which Mr. De Cola can voice his frustrations about his lack of success in state court and seek a reversal of the state courts' rulings on his efforts to regain his seat on the Council. (DE 42.) As the Court has explained in more detail in prior orders, it cannot act as an appellate forum for state court decisions. (DE 34 at 6–7; DE 39 at 2); *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The Court thus once again denies Mr. De Cola's request to reverse the state courts' holdings to the extent Mr. De Cola is seeking that relief. Further, Mr. De Cola has failed to explain why a motion for new trial has any merit here. A motion for new trial is only proper after entry of final judgment, something that had not happened in this case at the time Mr. De Cola filed his motion. Fed. R. Civ. P. 59(b). The Court therefore denies Mr. De Cola's motion for a new trial as meritless.

**D.      Conclusion**

For the foregoing reasons, the Court GRANTS the Defendants' Motion for Judgment on the Pleadings (DE 40) and DENIES Plaintiff Tom De Cola's Motion for a New Trial (DE 42). The Court directs the Clerk to enter judgment in favor of the Defendants.

SO ORDERED.

ENTERED: October 20, 2022

                                                 /s/ JON E. DEGUILIO
                                                 Chief Judge
                                                 United States District Court